## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES ARTHUR MEEKS III,** | ) | |
| **ID #543366,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-1537-D  (BH)** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

### I.  BACKGROUND

James Arthur Meeks, III (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The respondent is Lorie Davis, Director of TDCJ-CID.

The petitioner was convicted of aggravated robbery in Cause No. F89-85562 in the 283rd Judicial District Court of Dallas County, Texas, on January 9, 1990, and he was sentenced to 75 years' imprisonment.  (*See* doc. 3 at 2[1]); *see* www.dallascounty.org (search for petitioner).  The judgment was affirmed on appeal.  *See Meeks v. State*, No. 05-90-00553-CR (Tex. App. – Dallas March 14, 1991).  His petition for discretionary review was refused.  *Meeks v. State*, PD-533-91

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(Tex. Crim. App. July 3, 1991).  He filed a state habeas application, received in the state district court on February 11, 2002), that was denied on June 26, 2002.  *See Ex parte Meeks*, WR-52,733-01 (Tex. Crim. App. Feb. 11, 2002).  He filed a second state habeas application, received on January 26, 2004, that was denied on January 12, 2005.  *See Ex parte Meeks*, WR-52,733-02 (Tex. Crim. App. Jan. 12, 2005).  His third state habeas application was received on March 12, 2018, and on May 30, 2018, it was dismissed as a subsequent application under Texas Code of Criminal Procedure article 11.07, § 4.  *See Ex parte Meeks*, WR-52,733-03 (Tex. Crim. App. May 30, 2018).  His fourth state habeas application was received on April 24, 2018, and on June 20, 2018, it was dismissed as a subsequent application under Texas Code of Criminal Procedure article 11.07, § 4.  *See Ex parte Meeks*, WR-52,733-04 (Tex. Crim. App. June 20, 2018).

Petitioner's federal habeas petition, received on June 14, 2018, states that it was placed in the prison mail on June 11, 2018.  (*See* doc. 3 at 10.)  It claims that (1) trial and appellate counsel were ineffective; (2) jurors were prejudiced and there was jury misconduct; (3) due process and equal protection violations; and (4) abuse of discretion by the trial court.  (*See* doc. 3 at 6-7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

A.    **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims regarding his conviction and sentence either became known or could have become known prior to the date his judgment became final.[2]  The petition for discretionary review was refused on July 3, 1991.  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, and his conviction became final on October 1, 1991, when the ninety-day period for filing a petition for writ of certiorari expired.  *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)).  Because Petitioner's conviction became final prior to the 1996 enactment of the AEDPA, he had a one-year grace period, until April 24, 1997, to file his § 2254 petition for the claims regarding the conviction and sentence.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

---

[2]  He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

B.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas applications were filed after the limitations period had already expired, so they did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on June 11, 2018, the date that it was mailed.[3] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely for all of the claims.

C.    **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President*

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

*Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 28th day of June, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6